■ DONA M. REISS, Appellant, v. R. STEWART KILBORNE, as Commissioner of Conservation of the State of New York, Respondent.— Judgment unanimously reversed with costs, and matter remitted to Erie County Supreme Court for further proceedings in accordance with the following memorandum: In this article 78 proceeding in which petitioner seeks an order annulling the determination of the respondent Commissioner of the State Conservation Department which continued in effect without modification its Spacing Order No. 1 with reference to certain gas pools, the order and judgment appealed from dismissed the petition on the sole ground that the application was not timely made. The memorandum decision inadvertently states that petitioner " should have instituted an Article 78 proceeding within four months after that determination ", meaning four months from the Commissioner's original determination in 1965 rather than from the date of determination on the new application in 1967. Section 96 of the Conservation Law prescribes that judicial review from a determination must be undertaken within 60 days after the department order. Petitioner brought her proceeding within the 60-day period and the issue is whether the time limitation should be measured from the date of the original order or from the date of the second order of 1967. The appeal was untimely only if there was no new determination based upon new facts and circumstances and if there is no statutory provision for administrative review by the department (cf. *Matter of Karaffa* v. *Simon,* 14 A D 2d 978, 979). The fact that there was no different decision by the Commissioner from the first determination does not mean that there is no right to judicial review (*Matter of Davis* v. *Kingsbury,* 30 A D 2d 944, 945; *Matter of Feller* v. *Wagner,* 7 A D 2d 126, 129). The law provides for such procedure if there are changed circumstances by stating that " for other good cause shown, the department is authorized to make an order permitting the well to be drilled at a location other than that prescribed by such spacing order *  *  * so that the owner of such spacing unit shall receive no more than [or as much as] his just and equitable share of the production from the pool " (Conservation Law, § 77, subd. 4). Having based its decision purely on the question of timeliness the trial court gave no consideration to the evidence

presented at the hearing. Inasmuch as we have determined that the article 78 proceeding was timely instituted the matter should be remitted for a determination based upon the merits of the controversy. (Appeal from judgment of Erie Special Term dismissing petition in article 78 proceeding.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Henry, JJ. [56 Misc 2d 303.]